2004 ND 99
In the Matter of the Application for Disciplinary Action Against Lee J. Balerud, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of North Dakota, Petitioner
v.
Lee J. Balerud, Respondent.
No. 20040113
Supreme Court of North Dakota.
Decided May 7, 2004
Per Curiam.
[¶ 1] On April 26, 2004, an Application for the Interim Suspension of Lee J. Balerud, a member of the Bar of North Dakota, was filed under N.D.R. Lawyer Discipl. 3.4, asserting that Balerud has committed misconduct or is disabled and poses a substantial threat of irreparable harm to the public.
[¶ 2] The Application further asserts that there are presently four complaints against Balerud under investigation, all of which claim that Balerud has failed to communicate with his clients and failed to diligently pursue their cases. Balerud has failed to respond to three of the four complaints; the time for filing a response to fourth complaint has not yet expired.
[¶ 3] Disciplinary Counsel repeatedly tried to reach Balerud at his office without success; however, Disciplinary Counsel had received a facsimile transmission indicating that Balerud wanted to respond to the complaints but was having difficulties, including a "medical side to these difficulties." The Application is accompanied by Balerud's facsimile transmission.
[¶ 4] Disciplinary Counsel asserts that the information provided supports a conclusion that Balerud has committed misconduct and that he poses a substantial threat of irreparable harm to the public. The evidence implicates N.D.R. Prof. Conduct 1.3, Diligence, and 1.4, Communication, and N.D. Stds. Imposing Lawyer Sanctions 4.41(c), which provides that disbarment is generally appropriate when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
[¶ 5] On May 5, 2004, Sheldon A. Smith submitted a Response to Application for Order of Interim Suspension on behalf of Balerud asserting that Balerud is medically incapable of responding to the allegations and charges pending before him. The Response requests the Court consider Balerud's medical condition and enter an Order under N.D.R. Lawyer Discipl. 5.1, Disability Proceedings. The Court considered the matter, and
[¶ 6] ORDERED, Lee J. Balerud is placed on disability inactive status under N.D.R. Lawyer Discipl. 5.1(B) until further order of the Court.
[¶ 7] FURTHER ORDERED, all disciplinary proceedings against Lee J. Balerud are stayed for 60 days pending receipt of an evaluation from a licensed psychiatrist as to whether Balerud can assist in his defense, and if the psychiatrist does find Balerud able to assist in his defense, the evaluation shall also address Balerud's mental fitness to practice law. If no timely report is received, disciplinary proceedings will proceed.
[¶ 8] FURTHER ORDERED, Disciplinary Counsel promptly apply to the district court for a professional trustee as provided in N.D.R. Lawyer Discipl. 6.4.
[¶ 9] FURTHER ORDERED, Lee J. Balerud must give notice of the Court's action to his clients under N.D.R. Lawyer Discipl. 6.3.
[¶ 10] Gerald W. VandeWalle, C.J.
Carol Ronning Kapsner
Dale V. Sandstrom
William A. Neumann
[¶ 11] The Honorable Mary Muehlen Maring, being unavoidably absent, did not participate in this decision.