2006 ND 164

In the Matter of the APPLICATION FOR DISCIPLINARY ACTION AGAINST Lee J. BALERUD, a person admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court on North Dakota, Petitioner

v.

Lee J. Balerud, Respondent.

No. 20060165.

Supreme Court of North Dakota.

July 20, 2006.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] Lee J. Balerud ("Balerud") was admitted to practice as an attorney in North Dakota on September 29, 1983, and his name has appeared on the roll of attorneys since that date. On May 7, 2004, Balerud was transferred to disability inactive status under N.D.R. Lawyer Discipl. 5.1(B) until further order of the Court. *Disciplinary Board v. Balerud*, 2004 ND 99, 679 N.W.2d 768.

[¶ 2] On July 28, 2005, Balerud was personally served with a summons and petition for discipline alleging violation of N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; 8.4(d), Misconduct; and N.D.R. Lawyer Discipl. 1.2(A)(8), engaging in conduct prejudicial to the administration of justice.

[¶ 3] The petition alleged that in his representation of Aftem Lake Development and Gerald Aftem, Balerud missed meetings, including a mediation, was late for court multiple times, disorganized at trial and repetitious in his questioning of witnesses. The petition further alleged that following the case, Balerud proposed to forego his fee in exchange for Aftem not filing a disciplinary complaint against him.

[¶ 4] Balerud filed a response to the petition, admitting in part the allegations but denying that his actions violated any rules of professional conduct. Balerud's response further states that he did not appreciate the severity of his medical conditions and their effect on his performance at trial.

[¶ 5] A hearing was held on February 27, 2006, before a Hearing Panel of the Disciplinary Board of the Supreme Court. Post-hearing briefs were filed and on June 5, 2006, the Hearing Panel filed its Findings, Conclusions and Recommendation.

[¶ 6] The Hearing Panel found that in 2004 Balerud acted as lead counsel for Aftem Lake Development in an action against an engineering firm for professional malpractice. During his representation, Balerud failed to attend scheduled mediation. Balerud was repeatedly late for court, and throughout the trial Balerud was disorganized and repetitious in his questioning of witnesses. Aftem Lake Development was dissatisfied with the jury verdict and with Balerud's representation. Following trial, Balerud proposed waiving his fees if Aftem Lake Development agreed to release him from any malpractice claims or disciplinary complaints.

[¶ 7] The Hearing Panel considered information provided by Balerud in the form of letters from psychiatrist L. Mark Bell, D.O. In an August 3, 2004, letter, Dr. Bell stated that Balerud is suffering from a major depression and attention deficit hyperactivity disorder, conditions present at the time of trial. In a letter dated March 22, 2006, Dr. Bell's stated that if untreated, Balerud would be unable to practice law.

[¶ 8] The Hearing Panel concluded that Balerud's conduct violated N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; 8.4(d), Misconduct; and N.D.R. Lawyer Discipl. 1.2(A)(8), engaging in conduct that is prejudicial to the administration of justice.

[¶ 9] The Hearing Panel further concluded that Balerud did not present any evidence that his medical condition caused or contributed to his professional misconduct and offered no expert testimony to show his medical condition either caused or contributed to his breaches of professional conduct.

[¶ 10] The Hearing Panel considered Standard 4.41(c), N.D. Std. Imposing Lawyer Sanctions. Under Standard 4.41(c), disbarment is generally appropriate when

a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. The Hearing Panel further considered Standard 4.42(a) and (b), N.D. Stds. Imposing Lawyer Sanctions. Under Standard 4.42, suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client, or (b) engages in a pattern of neglect, and causes injury or potential injury to a client. The Hearing Panel concluded that Standard 4.41(c) is more appropriate.

[¶ 11] The Hearing Panel also considered Standard 5.11(a), N.D. Stds. Imposing Lawyer Sanctions, as to Balerud's attempt to avoid the filing of a complaint against him. Under Standard 5.11(c), disbarment is generally appropriate when a lawyer engages in serious conduct a necessary element of which includes intentional interference with the administration of justice. Additionally, the Hearing Panel considered Standard 7.1, N.D. Stds. Imposing Lawyer Sanctions, because Balerud knowingly sought to dissuade his client from filing a disciplinary complaint by offering to waive his fee. Under Standard 7.1, disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer, and causes serious or potentially serious injury to a client, the public, or the legal system.

[¶ 12] The Hearing Panel considered the following aggravating factors: Standard 9.22(c), pattern of misconduct; 9.22(d), multiple offenses; 9.22(e), bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. The Hearing Panel also considered Balerud's substantial experience in the practice of law as an aggravating factor under Standard 9.22(i).

[¶ 13] The Hearing Panel considered the following mitigating factors: Standard 9.32(c), personal or emotional problems; 9.32(e), full and free disclosure; 9.32(g), character or reputation; and 9.32(*l*), remorse.

[¶ 14] The Hearing Panel recommended that Balerud be suspended from the practice of law for six months and one day and that he pay the costs of the disciplinary proceeding in the amount of $4,511.90, and the cost of a transcript of the hearing on this matter. The Findings, Conclusions and Recommendation of the Hearing Panel were referred to the Court under N.D.R. Lawyer Discipl. 3.1(F). Balerud filed no objections to the report of the Hearing panel under N.D.R. Lawyer Discipl. 3.1(F)(2). The Court considered the matter, and

[¶ 15] **ORDERED,** the Findings, Conclusions and Recommendation of the Hearing Panel are accepted, and Lee J. Balerud is suspended from the practice of law for six months and one day, effective August 1, 2006.

[¶ 16] **FURTHER ORDERED,** Lee J. Balerud pay the costs of the disciplinary proceeding in the amount of $4,511.90.

[¶ 17] **FURTHER ORDERED,** Lee J. Balerud must petition for reinstatement under N.D.R. Lawyer Discipl. 4.5, governing reinstatement after a long suspension, and N.D.R. Lawyer Discipl. 5.2, governing reinstatement after transfer to disability inactive status.

[¶ 18] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.